UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES EDWARD SCOTT,<br><br>   Plaintiff<br><br>v.<br><br>CARSON TAHOE HEALTH HOSPITAL, et al.,<br><br>   Defendants | Case No.: 3:22-cv-00420-MMD-CSD<br><br>**Report & Recommendation of United States Magistrate Judge**<br><br>Re: ECF Nos. 1-1, 3 |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff, who is an inmate in the custody of the Nevada Department of Corrections (NDOC), has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

For the reasons set forth below, Plaintiff's IFP application should be granted, and he should be required to pay the filing fee over time. However, this action should be dismissed.

**I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP].

The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months was $25.35, and his average monthly deposits were $77.50.

Plaintiff's application to proceed IFP should be granted. Plaintiff is required to pay an initial partial filing fee in the amount of $15.50 (20 percent of $77.50). Thereafter, whenever his prison account exceeds $10, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## II. SCREENING

### A. Standard

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule

12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff's complaint names as defendants: Carson Tahoe Health Hospital, Nurse Stacy, Charge Nurse Julie, Nurse Nicole, Nurse Rebecca, Social Worker Chauncey, Jane Doe Nurses 1-5, John Doe Doctors 1-3, and Jane Doe Nurses Assistants 1-3, all of whom are employees of Carson Tahoe Hospital. Plaintiff asserts the following violations of his rights related to events

that he alleges took place at Carson Tahoe Hospital in August of 2022: personal injury/pain and suffering; medical neglect/negligence; denial of medical treatment/denial of medical care; discrimination/prejudice/discriminatory practices/bias; cover-up/failure to protect or disclose personal injury; religious discrimination/First Amendment; wanton infliction of pain and suffering/cruel and unusual punishment; and biased/disproportionate treatment.

First, Plaintiff alleges that he was a fall risk, and he repeatedly pressed his medical call button to alert the nursing staff that he had to use the restroom and shower, but no one responded. As a result, he made his way to the restroom and then the shower. When he was done showering, he attempted to exit the shower and caught his foot on the three-inch vertical rise at the shower floor and fell. His IV was torn from his arm and he suffered injuries including a bruised tailbone and injury to his knee. He began to yell for help, and he requested an MRI and pain treatment. However, the Nursing staff failed to provide him with any treatment. In addition, Carson Tahoe Hospital failed to post any sign warning Plaintiff to watch his step.

Second, Plaintiff alleges that he underwent a CVC tunneling surgery, and when his local anesthetic began to wear off, his pain level increased, and he requested pain treatment from the nursing staff, but they failed to provide him with treatment or notify his doctor. In addition, he claims the doctor failed to prescribe effective pain treatment after the surgery.

Third, Plaintiff avers that Nurse Nicole made comments that she did not think prisoners had a right to healthcare. In addition, she interrupted his Islamic prayer to administer his medications when she knew that he was not to be interrupted and that she would come back. When he finished his prayer and asked for his medications, she refused to bring them. He alleges that the nursing staff, along with social worker Chauncey, also refused to let him consult with a

diet technician because he was a prisoner. He claims that they advised him their refusals were in line with Carson Tahoe Hospital's policies.

To the extent Plaintiff is suing under 42 U.S.C. § 1983 for violation of his federal rights, section 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted). To state a claim under section 1983, a plaintiff must allege: (1) his or her civil rights were violated, (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Unlike the situation in *West v. Atkins*, where the prison contracted with a physician to hold an orthopedic clinic and provide care for inmates, a private hospital, such as Carson Tahoe Hospital, and its employees, would not be state actors for purposes of section 1983 under the circumstances. This is because Plaintiff does not allege that Carson Tahoe Hospital had a contract with NDOC to provide care for NDOC inmates.

Even if Defendants were state actors, Plaintiff's claims sound in state law and not federal law, and he does not state any colorable federal claims. Plaintiff's claims concerning his medical care amount, if anything, to claims for negligence and not deliberate indifference under the Eighth Amendment. To the extent Plaintiff alleges he was discriminated against because he is an inmate, inmates do not belong to a protected class. Nor does Plaintiff state a viable equal protection claim on the basis of his religion. He alleges the nurse did not wait for him to finish praying to try and administer his medications. He does not allege that she treated him differently than patients of other religious faiths.

As such, any federal claims should be dismissed with prejudice because of the lack of state action as well as the failure to state any colorable federal claims.

Plaintiff asserts various state law claims. Since there are no federal claims proceeding, and there is no diversity of citizenship, the court does not have jurisdiction over these claims. 28 U.S.C. §§ 1331, 1332, 1367. These claims should be dismissed, but the dismissal should be without prejudice to the extent Plaintiff can raise the claims, if appropriate, in state court.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 3); however, Plaintiff is required to pay, through NDOC, an initial partial filing fee in the amount of $15.50 within thirty days of the entry of any order adopting and accepting this Report and Recommendation. Thereafter, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk should be directed to **SEND** a copy of an order adopting and accepting this Report and Recommendation to the attention of **Chief of Inmate Services for the Nevada Department of Corrections**, P.O. Box 7011, Carson City, Nevada 89702.

(2) The complaint (ECF No. 1-1) should be **FILED**.

(3) The action should be **DISMISSED.** Any federal claims should be **DISMISSED WITH PREJUDICE**; however, any state law claims should be **DISMISSED WITHOUT PREJUDICE** insofar as Plaintiff may raise such claims, if appropriate, in state court.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: January 31, 2023

_____
Craig S. Denney
United States Magistrate Judge