UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES E. SCOTT,<br><br>                      Plaintiff,<br>    v.<br><br>CARSON TAHOE HEALTH HOSPITAL, *et. al*.<br><br>                      Defendants. | Case No. 3:22-cv-00420-MMD-CSD<br><br>ORDER |

*Pro se* Plaintiff James Edward Scott, who is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), filed an application to proceed *in forma pauperis* (ECF No. 1 ("IFP Application")) and a proposed complaint (ECF No. 1-1). Plaintiff asserts claims against Defendants Carson Tahoe Health Hospital, Nurse Stacy, Charge Nurse Julie, Nurse Nicole, Social Worker Chauncey, and Rebecca for events that occurred while he received treatment at the hospital in August 2022. United States Magistrate Judge Craig S. Denney screened Plaintiff's proposed complaint under 28 U.S.C. § 1915A and recommends dismissal of the proposed complaint. (ECF No. 4 ("R&R").) Plaintiff filed an objection. (ECF No. 5 ("Objection").) The Court has reviewed the proposed complaint and agrees with Judge Denney that, while the IFP Application should be granted, the proposed complaint should be denied. Accordingly, the Court overrules Plaintiff's Objection and adopts the R&R.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, the Court is required to "make a de novo determination of those portions of the [report and recommendation]

to which objection is made." *Id.* The Court's review is thus *de novo* because Plaintiff filed his Objection. (ECF No. 5.)[1]

Judge Denney recommends dismissal of any federal claims against Defendants—a private hospital and its social worker and nurse employees—to the extent that Plaintiff asserts claims under 42 U.S.C. § 1983 because Plaintiff has not alleged that Defendants are state actors, and because his allegations, even accepted as true, do not state any constitutional violation. (ECF No. 4 at 6.) In his Objection, Plaintiff asks for leave to amend to allege that Defendants are state actors and contract with NDOC to provide care. (ECF No. 5 at 2.) However, as Judge Denney correctly found, the allegations do not state any constitutional violations to assert claims under Section 1983. (ECF No. 4 at 6.) Accordingly, the Court overrules Plaintiff's Objection to dismissal of his federal claims. The Court also adopts Judge Denney's recommendation to dismiss the state-law claims without prejudice to allow Plaintiff to pursue his state-law claims in state court.[2]

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 4) is accepted and adopted in full.

It is further ordered that Plaintiff's application to proceed *in form pauperis* (ECF No. 1) is granted. However, Plaintiff is required to pay, through NDOC, an initial partial filing fee in the amount of $15.50 within 30 days of the entry of this order. Thereafter, whenever Plaintiff's prison account exceeds $10, he is required to make monthly payments in the amount of 20% of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed or is otherwise unsuccessful. The Clerk of Court is directed to send a copy of this order to the attention

---

[1]The Court incorporates by reference and adopts Judge Denney's recitation of Plaintiff's allegations in the R&R. (ECF No. 4 at 4-6.) Because Plaintiff does not object to Judge Denney's recommendation to grant his IFP Application, the Court adopts that recommendation.

[2]Plaintiff did not object to dismissal of his state-law claims without prejudice. In fact, Plaintiff acknowledges that several claims asserted are state-law claims which should be filed in state court. (ECF No. 5 at 3.)

of Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, Nevada 89702.

It is further ordered that the Clerk of Court detach and file Plaintiff's proposed complaint (ECF No. 1-1).

It is further ordered that this action is dismissed. Dismissal of Plaintiff's federal claims is with prejudice. Dismissal of Plaintiff's state-law claims is without prejudice.

It is further order that the Clerk of Court enter judgment accordingly and close this case.

It is further ordered that this case is dismissed without prejudice for Plaintiff's failure to comply with the Court's order.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 27th Day of February 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE